OPINION
Defendant Ronald Nutter appeals a judgment of the Municipal Court of Licking County, Ohio, which convicted and sentenced him for obstructing official business in violation of R.C. 2921.13, after he pled no contest. Appellant originally pled not guilty to this charge, and to one count each of hunting within the limits of the Village of Granville, failure to wear hunter orange, consumption of an intoxicating beverage in a motor vehicle, and hunting without permission. After the court overruled appellant's motion to dismiss the obstruction charge, appellant changed his plea to no contest to each of the charges. Appellant appeals only the obstruction of official business charge. Appellant assigns a single error to the trial court:
ASSIGNMENT OF ERROR
 THE TRIAL COURT COMMITTED HARMFUL ERROR IN CONVICTING THE DEFENDANT-APPELLANT OF OBSTRUCTING OFFICIAL BUSINESS.
The record indicates on January 3, 1998, Officer Susie Dawson of the Granville Police Department responded to a possible trespassing and hunting complaint made by Ms. Mora Hogan. Hogan informed the officer she had heard shots behind her residence, and when she looked, there were two hunters in the rear area of her property gutting a deer. Officer Dawson went to the rear of the property where she observed two individuals later identified as appellant and a co-defendant, field dressing a deer. The officer started towards the individuals, and called out to them to come to her. The officer did not see any hunter orange on either individual, but did observe one of the individuals carrying a long gun. Instead of complying with the officer's request to approach her, appellant and his co-defendant fled the scene. Officer Dawson chased the two individuals, but did not catch them. Officer Dawson shouted to the individuals to stop, but never told them they were under arrest. The two men eluded the officer, but were later detained. Hogan identified the two men as the persons she had seen field dressing the deer behind her residence.
Appellant's motion to dismiss conceded the facts, but argued to the trial court and to us the facts do not legally support a conviction for obstruction of official business.
R.C. 2923.31 provides:
 No person, without privilege to do so and with purpose to prevent, obstruct, or delay the performance by a public official of any authorized act within his official capacity, shall do any act which hampers or impedes the public official in the performance of his lawful duties.
Appellant cites us to Florida v. Royer (1983), 460 U.S. 491
as authority for the proposition an individual is not required to stop and submit to interrogation by the police unless he is under arrest. Appellant asserts because the officer did not tell him he was under arrest, he was entitled to leave the area as he chose. Appellant cites us to State v. McCullough (1990), 61 Ohio Misc.2d 607, wherein the Canton Municipal Court found an individual who was not under arrest may walk or even run away from an officer without being guilty of obstructing official business or resisting arrest. Appellant also cites State v. Gillenwater (March 27, 1998), Highland App. No. 97CA0935, unreported, wherein the Fourth District Court of Appeals reviewed a situation where an officer went into a private residence to investigate a complaint. When the officer arrived at the scene, an individual fled and the officer pursued him. The officer eventually found Gillenwater crouching behind a dumpster, whereupon the defendant once again ran away. The court of appeals found this was insufficient to constitute a violation of R.C. 2921.31.
The State replies the facts in the instant case are distinguishable from McCullough and Gillenwater, supra. The State cites us to State v. Marich Smith (July 19, 1996), Knox App. Nos. 95CA36 and 95CA37, unreported, wherein this court found a defendant may be convicted of a violation of R.C. 2921.31 where he purposely flees from what is obviously a police officer performing an official act. Here, the police officer was not merely conducting an investigatory stop, but observed two persons violating several laws. The officer had probable cause to cite these men, and instructed them to come to her, or to stop. We find the facts of this case are legally sufficient to constitute the offense. For this reason, we find the trial court did not err in overruling the motion to dismiss the charge, and entering the judgment of the conviction. Accordingly, the assignment of error is overruled.
For the foregoing reasons, the judgment of the Municipal Court of Licking County, Ohio, is affirmed, and the cause is remanded to that court for execution of sentence.
By Gwin, J., Farmer, P.J., and Wise, J., concur.
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Municipal Court of Licking County, Ohio, is affirmed, and the cause is remanded to that court for execution of sentence. Costs to appellant.